UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Glendalis Torres, on behalf of herself and all other similarly situated employees, | § § § | |
| *Plaintiff*, | § § | Civil Action No. 3:25-cv-1318 |
| v. | § § | COLLECTIVE COMPLAINT |
| Therapy 2000/Green Apple, Green Apple LLC, and First Steps Pediatric Specialists, | § § § § | JURY REQUESTED |
| *Defendants*. | § | |

Plaintiff Glendalis Torres ("Plaintiff"), by her counsel, Harman Green PC, alleges for her Collective Action Complaint against Defendant Therapy 2000/Green Apple, Green Apple LLC, and First Steps Pediatric Specialists ("Defendants") as follows:

**PRELIMINARY STATEMENT**

1. This case is about a systemic abuse of employees all across Texas. In particular, Defendants have engaged in blatant, deliberate, and extreme pattern and practice of failure to pay wages and failure to pay overtime.

2. Defendants, upon information and belief, employee approximately 500 Putative Plaintiffs across Texas and are all employers under the Fair Labor Standards Act ("FLSA").

3. Defendants operate in Amarillo, Austin, Corpus Christi, College Station, Dallas, East Texas, El Paso, Fort Worth, Hill Country, Houston, Lubbock, New Braunfels, San Antonio, and Temple, Texas.

4. Plaintiff, and Putative Plaintiffs, is a speech therapist and representative of a class of employees who are not paid by the hour.

5. All putative and collective action Plaintiffs are employees who are paid via w2, but their pay is determined 'per visit' with clients, not by the hour.

1

6. In essence, Plaintiff and the putative and collective action Plaintiffs are not paid for their time spent traveling.

7. Plaintiff and putative Plaintiffs are not paid any overtime, nor could they be as they are not even paid an hourly rate.

## JURISDICTION

8. Pursuant to 28 U.S.C. §1331 this Court may properly hear Plaintiff's claims as they arise under a federal statute.

## PARTIES

9. Plaintiff was and is a resident of Texas.

10. Defendant Therapy 2000/Green Apple has a principal place of business at 1431 Greenway Drive, Suite 500, Irving, TX 75038.

11. Defendant Green Apple LLC, upon information and belief, has a principal address at 1431 Greenway Drive, Suite 500, Irving, Texas, 75038.

12. Defendant First Steps Pediatric Specialists is wholly owned and controlled by Defendant Therapy 2000/Green Apple and has a principal place of business at 1333 Corporate Dr Suite 330, Irving, TX 75038.

## JURY DEMAND

13. Plaintiff respectfully requests a trial by jury.

## CLASS DEFINITION

14. "Putative Plaintiffs" are employees who do currently, or have in the past, operated in the same capacity as Plaintiff: an employee who provides services to clients at their homes, and who travels throughout the work day, who is not paid an hourly rate.

15. Plaintiff alleges that the class for this collective action would be all employees who 1) provide services to clients at the client's home, 2) drive to clients' homes, and 3) who are paid 'per visit' with a client and are not paid an hourly rate.

16. The sole fact that Plaintiff is a speech therapist does not make a manifest change to

her ability to represent this class, as the claim stems from a corporate payment practice, not about job skills.

16. This action involves a subset and second class that is the same as the first, but has different damages. The second class would involve the same factors, but would include employees who were not paid an overtime rate.

17. The only distinction is that some employees may not have an overtime claim because they did not work sufficient hours, but that would not impact the analysis as applied to seeking discovery from Defendants' for their pay practices.

18. The sole fact that Plaintiff is a speech therapist does not make a manifest change to her ability to represent this class, as the claim stems from a corporate payment practice, not about job skills.

## STATEMENT OF FACTS

20. Plaintiff is a speech therapist who worked with Defendants until January 2025.

21. Plaintiff provides services by helping children with speech impediments.

22. Plaintiff travels and does 'home visits' for clients of Defendants.

23. Defendants have complete control over the clients Plaintiff visits.

24. Defendants assume liability if Plaintiff does not appear at a scheduled visit.

25. Clients seek the name brand attached to Defendants, not to Plaintiff as an individual provider.

26. Plaintiff was paid via w2 as an employee for Defendants and is, in all things, an employee for Defendants.

27. Plaintiff was paid 'per visit' with clients, not hourly, demonstrated below:

3

**Earnings Statement**                                              TORRES, GLENDALIS

| Pay Date: | 11/01/2024 | Company: 0UZ89 - GREEN APPLE LLC | Emp #: 1902 |
| Period Start: | 10/13/2024 | 1431 GREENWAY DR STE 500 | Dept: 200 - Clinical Field Staff |
| Period End: | 10/26/2024 | IRVING TX 75038 | Pay Basis: Hourly |

| Earnings | Rate | Hours/Units | Current Period | Year To Date |
|---|---|---|---|---|
| Regular | 30.00 | 0.00 | 0.00 | 15.00 |
| Bonus | | | 0.00 | 150.00 |
| INC - Incentive | | | 85.00 | 85.00 |
| Orientation Hours | 30.00 | 0.00 | 0.00 | 225.00 |
| Routine Visit | 45.00 | 81.00 | 3645.00 | 5400.00 |
| **Gross** | | 81.00 | 3730.00 | 5875.00 |

28. Plaintiff is identified as an hourly employee, but, clearly, was not paid an hourly rate.

29. Plaintiff was not paid a 'regular rate' either.

30. In the past, Defendants had paid the Putative Plaintiffs as independent contractors, but later changed them to an 'hourly' designation and provided them w2s instead of 1099s.

31. In reality, and in practice, Defendants do not even feign to pay Plaintiff an hourly rate, as demonstrated by the pay stub above.

32. Plaintiff was paid $45 for a visit, which lasts approximately thirty minutes.

33. Plaintiff would then drive to the next visit.

34. Plaintiff was not paid for that time spent driving between clients.

35. Plaintiff worked approximately 50-55 hours per week.

36. Plaintiff was not paid her overtime.

37. The class for this collective action would be each and every employee for Defendants who travels to visit clients for home visits.

38. Upon information and belief, Defendants do not pay any employees for their compensable time in driving between client visits.

39. Upon information and belief, Plaintiff's claims would be one and the same as all other class members in this collective action.

4

40. All discovery and defenses in this action would be duplicative between Plaintiff and any other employee who drives to go visit clients at home.

41. This case involves a corporate policy of non-payments, not individualized treatment against Plaintiff.

42. Upon information and belief, Defendants do not pay putative Plaintiffs an hourly rate.

43. Upon information and belief, Defendants do not pay putative Plaintiffs overtime.

## CAUSES OF ACTION
## FIRST CLAIM

**Failure to pay wages under the Fair Labor Standards Act**

44. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 43 with the same force as though separately alleged herein.

45. Under the Fair Labor Standards Act, employees are entitled to an hourly wage for all work completed that is 'compensable time.'

46. Driving between different work locations on the same day is considered compensable time if it is part of the employee's principal activities.

47. Plaintiff and Putative Plaintiffs were obligated to travel between work locations on the same day to complete their work responsibilities.

48. Plaintiff and Putative Plaintiffs were not paid for that time spent traveling.

49. Plaintiff and Putative Plaintiffs were paid 'per visit' – approximately 30 minutes – not per hour.

50. Plaintiff and Putative Plaintiffs and were entitled to receive hourly compensation for their work.

51. Plaintiff and Putative Plaintiffs did not receive an hourly compensation.

52. Defendants are obligated to pay Plaintiff and Putative Plaintiffs for all time spent traveling between work locations.

53. As such, Defendants intentionally and willfully violated Plaintiff's right to adequate and complete pay under the law, and owes Plaintiff all back pay, liquidated damages, punitive damages, attorney fees, costs, and expenses.

## SECOND CLAIM

**Failure to pay overtime under the Fair Labor Standards Act**

54. Plaintiff hereby realleges and incorporates each and every allegation contained

in paragraphs 1 through 43 with the same force as though separately alleged herein.

55. Under the Fair Labor Standards Act, employees are entitled to an hourly wage for all work completed that is 'compensable time.'

56. Under the Fair Labor Standards Act, employees are entitled to an hourly wage of 1.5 times their normal rate as overtime if they work in excess of 40 hours per week.

57. Driving between different work locations on the same day is considered compensable time if it is part of the employee's principal activities.

58. Plaintiff and Putative Plaintiffs were obligated to travel between work locations on the same day to complete their work responsibilities.

59. Plaintiff and Putative Plaintiffs were not paid for that time spent traveling.

60. Plaintiff and Putative Plaintiffs were paid 'per visit' – approximately 30 minutes – not per hour.

61. Plaintiff and Putative Plaintiffs and were entitled to receive hourly compensation for their work.

62. Plaintiff and Putative Plaintiffs did not receive an hourly compensation.

63. Plaintiff and Putative Plaintiffs did not receive an overtime compensation at an overtime rate.

64. Defendants are obligated to pay Plaintiff and Putative Plaintiffs for all time spent traveling between work locations, including for overtime.

65. As such, Defendants intentionally and willfully violated Plaintiff's right to overtime pay under the law, and owes Plaintiff all back pay, liquidated damages, punitive damages, attorney fees, costs, and expenses

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, damages for wages, compensatory and liquidated damages yet to be determined, attorneys' fees, interest, costs and disbursements;

B. For the second cause of action, damages for wages, compensatory and liquidated damages yet to be determined, attorneys' fees, interest, costs and disbursements; and

C. For such other and further relief as the Court deems just and proper.

Dated:
May 27, 2025

**HARMAN GREEN PC**

By: *[signature]*

Walker G. Harman, Jr.
824 Exposition Ave.,
Suite 8
Dallas, Texas 75226
(646) 248-2288
wharman@theharmanfirm.com
erichardson@theharmanfirm.com
*Attorneys for Plaintiff*